IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

MARCUS KYLE REID                                                                            PLAINTIFF

v.                                            Case No. 1:16-cv-01018

JEFF ROGERS, Prosecuting Attorney,
Union County; TENILE GILRIETH,[1] Deputy
Prosecutor; TOMMY REED, Public
Defender; and DEBRA REID, Ex-wife                                                      DEFENDANTS

## ORDER

On March 8, 2016, pursuant to 42 U.S.C. § 1983, Plaintiff proceeding *in forma pauperis* and *pro se*, filed this lawsuit alleging that the prosecutor's office in Union County, Arkansas filed false charges against him depriving him of his freedom. ECF No. 1. Plaintiff is currently an inmate of the Arkansas Department of Correction–East Arkansas Regional Unit. Before the Court is the issue of preservice screening pursuant to the provisions of the Prison Litigation Reform Act ("PLRA"). The PLRA provides that the Court shall review complaints in civil actions in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity to determine if the matter shall proceed. *See* 28 U.S.C. § 1915A(a).

## BACKGROUND

Plaintiff claims that, after showing the Union County Prosecutor's Office clear and irrefutable proof of his innocence, the prosecutors have chosen to continue to "hold" charges against him knowing they are false. ECF No. 1.[2] Plaintiff claims the prosecutor's office is only proceeding with the charges because the deputy prosecutor is friends with Plaintiff's ex-wife.

---

[1] The Court notes that Plaintiff misspelled Defendant Tennille Gilreath's name in the case caption. The Court will utilize the proper spelling in this opinion.
[2] Plaintiff's Complaint does not set forth any time frame as to when any of the alleged actions on the part of the Defendants occurred.

Plaintiff also claims that his public defender was ineffective by not filing any motions on his behalf. ECF No. 1. Plaintiff has made no allegations against his ex-wife, Debra Reid. ECF No. 1. Plaintiff asks the Court to: (1) police the prosecutors for abusing their authority; and (2) sanction his public defender for being ineffective. ECF No. 1.

## APPLICABLE LAW

Pursuant to the screening provisions of the PLRA, the Court must determine whether the causes of action stated in Plaintiff's Complaint (1) are frivolous or malicious, (2) fail to state claims upon which relief may be granted, or (3) seek monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915(e)(2)(B) & 1915(A). A complaint is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that a defendant, acting under color of state law, deprived him of a right, privilege, or immunity secured by the United States Constitution or by federal law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

Prosecuting attorneys are immune from suits filed under 42 U.S.C. § 1983. In *Imbeler v. Pachtman*, the United States Supreme Court established absolute immunity of a prosecutor from a civil suit for damages under 42 U.S.C. § 1983 "in initiating a prosecution and in presenting the State's case." 424 U.S. 409, 431 (1976). This immunity extends to all acts that are "intimately associated with the judicial phase of the criminal process." *Id.* at 430; *see also Buckley v. Fitzsimmons*, 509 U.S. 259 (1993) (holding that a prosecutor acting as an advocate for the state in a criminal prosecution is entitled to absolute immunity). While the Supreme Court has not held that this immunity insulates prosecutors from declaratory or injunctive relief, a Plaintiff must show serious risk of irreparable harm to state a claim for declaratory or injunctive relief, *see Pulliam v. Allen*, 466 U.S. 522, 538 (1984), and injunctive relief is not appropriate where an

adequate remedy exists under state law, *id.*; *see also Bonner v. Circuit Court of St. Louis*, 526 F.2d 1331, 1336 (8th Cir. 1975).

Public defenders are also immune from suit.  A § 1983 complaint must allege that each defendant, acting under color of state law, deprived plaintiff of "rights, privileges or immunities secured by the Constitution and laws" of the United States.  42 U.S.C. § 1983; *see also DuBose v. Kelly*, 187 F.3d 999, 1002 (8th Cir. 1999).  A public defender is not acting under color of state law while representing a plaintiff in his criminal proceeding.  *Polk County v. Dodson*, 454 U.S. 312, 324 (1981) ("A public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in criminal proceedings.").

## DISCUSSION

In this case, all Plaintiff's claims presumably stem from his arrest and subsequent confinement in Union County and now in the East Arkansas Regional Unit of the Arkansas Department of Correction.  In his Complaint, Plaintiff uses the terms "false charges," "prolonging incarceration," and "depriving the right of freedom."  However, Plaintiff may not use the civil rights statutes as substitutes for *habeas corpus* relief.  In other words, he cannot seek declaratory or injunctive relief relating to his confinement or conviction in a § 1983 complaint. *See, e.g.*, *Edwards v. Balisok*, 520 U.S. 641, 648 (1997); *Heck v. Humphrey*, 512 U.S. 477, 483-89 (1994); *Preiser v. Rodriquez*, 411 U.S. 475, 500 (1973) (*habeas corpus* is the sole federal remedy for prisoners attacking the validity of their conviction or confinement).  Accordingly, all of Plaintiff's claims regarding his confinement in the Arkansas Department of Correction and Union County fail to state cognizable claims under § 1983.

To the extent that the Complaint seeks monetary damages against Defendants Jeff Rogers and Tennille Gilreath, those claims fail because they are prosecuting attorneys who are immune from suit.  To the extent the Complaint seeks injunctive relief against Rogers and Gilreath, the

claims are not cognizable because Plaintiff has failed to allege any risk of irreparable harm. Additionally, Plaintiff has not alleged that he exhausted his state remedies regarding his criminal charges or his incarceration. Therefore, Plaintiff has not stated a cognizable claim for injunctive relief under § 1983.

Plaintiff's claim against Defendant Tommy Reed fails because Mr. Reed was acting as the public defender who represented Plaintiff. The law is clear that public defenders acting in such capacity are immune from suit in a § 1983 lawsuit as they do not act under color of state law.

Finally, Plaintiff has stated no facts or allegations against his ex-wife in his Complaint. Plaintiff's Complaint fails to state a cause of action against Defendant Debra Reid.

## CONCLUSION

Because Plaintiff's claims are frivolous or malicious, fail to state claims upon which relief may be granted, and asserts claims against defendants who are immune from such relief, the Court finds that Plaintiff's Complaint should be and hereby is **DISMISSED WITHOUT PREJUDICE** pursuant to 28 U.S.C. §§ 1915(e)(2)(B) & 1915(A). The dismissal of this case will constitute a strike under 28 U.S.C. § 1915(g). The Clerk is directed to place a strike flag on the case.

**IT IS SO ORDERED,** this 13th day of April, 2016.

/s/ Susan O. Hickey
Susan O. Hickey
United States District Judge